JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Arthur Tarellari ("Tarellari") appeals from the decision of the Cuyahoga County Court of Common Pleas that granted a motion for judgment notwithstanding the verdict in favor of defendant-appellee Case Western Reserve University School of Dentistry ("CWRU"). Finding no error in the proceedings below, we affirm.
 {¶ 2} On April 18, 2002, Tarellari went to CWRU School of Dentistry with a toothache. He was seen by a third-year undergraduate student of general dentistry and Dr. Tuan Nguyen, a second-year graduate student in endodontics. An endodontist specializes in root canal treatments. Tarellari was given pain medication and told to return the following Monday for a root canal procedure. When Tarellari returned, his infection was too severe to be treated at CWRU, and he was sent to University Hospital.
 {¶ 3} In January 2003, Tarellari filed a complaint for dental malpractice against CWRU and several unnamed students. Tarellari alleged that CWRU was negligent in failing to timely diagnose and treat his toothache, which resulted in Tarellari having to undergo emergency surgery to drain the infection and a subsequent hospital stay. The case proceeded to trial. At the close of Tarellari's case, CWRU moved for a directed verdict and summary judgment on all of Tarellari's claims. The trial court granted CWRU's motion for summary judgment on the claim of emotional distress, but denied the directed verdict on Tarellari's negligence claim.
 {¶ 4} The jury returned a verdict in favor of Tarellari in the amount of $27,500. CWRU filed a motion for judgment notwithstanding the verdict, or, in the alternative, a motion for new trial. The trial court granted CWRU's motion for judgment notwithstanding the verdict.
 {¶ 5} Appellant timely appeals the decision of the trial court, advancing two assignments of error for our review, which are interrelated and will be addressed together.
 {¶ 6} "I. The trial court erred and abused its discretion by granting appellees' motion for judgment notwithstanding the verdict (JNOV) thus nullifying unanimous verdict of the jury when it had already denied appellees' motion for directed verdict on the exact same claim three months earlier."
 {¶ 7} "II. The trial court erred by instructing the jury to use the endodontics standard instead of the standard of ordinary care of a general dentist considering that the appellant's negligence claim was not for a treatment normally provided by an endodontist."
 {¶ 8} Tarellari argues that the trial court erred in granting the judgment notwithstanding the verdict when there was no new or additional evidence considered by the court than was considered at the time the motion for directed verdict was made and denied.
 {¶ 9} This court conducts a de novo review of the trial court's decision to grant a Civ.R. 50(B) motion. Kanjuka v. Metrohealth Med.Ctr., 151 Ohio App.3d 183, 190, 2002-Ohio-6803. When reviewing a trial court's disposition of a motion for judgment notwithstanding the verdict, we apply the same test we apply in reviewing a directed verdict. Id., citing Pariseau v. Wedge Products, Inc. (1988),36 Ohio St.3d 124, 127. That is, the evidence admitted at trial must be construed most strongly in favor of the nonmoving party, and, where there is evidence to support the nonmoving party's position, the motion must be denied. Pariseau, 36 Ohio St.3d at 127. A motion for judgment notwithstanding the verdict may be evaluated on all evidence presented at trial, while a motion for a directed verdict may be evaluated only on the evidence presented during the plaintiff's case-in-chief. Chemical Bank ofNew York v. Neman (1990), 52 Ohio St.3d 204, 206-207.
 {¶ 10} "In order to prevail on a claim of dental malpractice or professional negligence, a plaintiff must first prove: 1) the standard of care recognized by the medical community; 2) the failure of defendant to meet the requisite standard of care; and, 3) a direct causal connection between the medically negligent act and the injury sustained." Martin v.Ohio State Univ. College of Dentistry, Ohio Ct.Clms. No. 2003-01610, 2004-Ohio-1466, citing Bruni v. Tatsumi (1976), 46 Ohio St.2d 127;Coleman v. Kaiser Permanente of Ohio, Cuyahoga App. No. 84130,2004-Ohio-5478. The appropriate standard of care must be proven by expert testimony, and the expert testimony must explain what a medical professional of ordinary skill, care, and diligence in the same medical specialty would do in similar circumstances. Martin, supra. The failure of the plaintiff to provide the recognized standards of the medical community is normally fatal to the presentation of a prima facie case of medical malpractice or negligence. Coleman, supra; Braxton-Fountain v.Univ. Hosps. (1999), 133 Ohio App.3d 323, 327.
 {¶ 11} In this case, the trial court granted the motion for judgment notwithstanding the verdict because "a review of the plaintiff's expert trial transcript unequivocally shows that Dr. Harper could not state that the defendant's failure to administer antibiotics was an omission that fell below the standard of care for the endodontic community." Because the trial court based its decision solely on Dr. Harper's testimony, we are able to decide this case with the limited transcript provided to this court.
 {¶ 12} A review of the transcript reveals that Dr. Harper, Tarellari's expert, testified that CWRU fell below the standard of care for general dentistry when they failed to treat or diagnose Tarellari on April 16, when he first presented with pain. In addition, Dr. Harper testified that the students fell below the standard of care for general dentistry when they failed to prescribe antibiotics for Tarellari's toothache. Dr. Harper explained that the students also failed to identify the widening of the periodontal membrane space in the problem tooth, which had a previous large restoration. Those two facts, coupled with pain, indicated infection and, therefore, the patient should have been treated with antibiotics. Dr. Harper based his opinion on the medical chart and the complaint, but he never spoke with Tarellari or reviewed his deposition.
 {¶ 13} On cross-examination, Dr. Harper agreed that the standard of care for the administration of antibiotics in the endodontics specialty was different from the general dentistry standard of care. Dr. Harper further testified that CWRU did not violate the endodontics standard of care based on the chart, which lacked the requisite symptoms for administration of antibiotics. Furthermore, Dr. Harper agreed that Dr. Nguyen would have been bound by the endodontics standard of care since it was his specialty. Dr. Harper stated, "Well, there are some situations where — there are those who think that you don't prescribe antibiotics. If the signs of infection and pain are not very clear or obvious, however, an experienced practitioner would know to give that person antibiotics."
 {¶ 14} Tarellari argues in his second assignment of error that the trial court erred by instructing the jury on the endodontics standard of care because he did not receive treatment normally provided by an endodontist. Consequently, he contends, it is the general dentistry standard of care that applies. CWRU argues that the endodontist standard of care is the proper standard of care because Dr. Nguyen is in his second year of the endodontics program. Neither party contends, however, that there is a separate standard of care for students and residents.
 {¶ 15} For doctors in training, such as interns, residents, or fellows, the standard of care is that of a doctor of ordinary skill, care, and diligence at the same stage of his training, under like or similar circumstances. Sullins v. Univ. Hosps., Cuyahoga App. No. 80444, 2003-Ohio-398. "What is required in the case of an intern [or resident] is that he shall possess such skill and use such care and diligence in the handling of * * * cases as capable medical college graduates serving hospitals as interns ordinarily possess under similar circumstances, having regard to the same or similar localities, and the opportunities they afford for keeping abreast with the advances in medical and surgical knowledge and science." Sullins, supra, citing Rush v. Akron GeneralHospital (1957), 84 Ohio Law Abs. 292, 295.
 {¶ 16} In this case, Tarellari argued that he was seen by two students: one, a third-year undergraduate student, and the other, a second-year graduate student. Therefore, we find that the proper standard of care is that of a third-year undergraduate student of general dentistry as well as that of a second-year graduate student of endodontics.
 {¶ 17} Absent medical testimony on each element of the medical malpractice claim, the plaintiff has failed to meet its burden of proof. See Wawrzyniak v. Zayat (Aug. 17, 2000), Cuyahoga App. No. 76489. Thus, a plaintiff fails to meet its burden of proof where it fails to provide appropriate expert medical testimony demonstrating the defendant failed to adhere to or breached the applicable standard of care. See Wawrzyniak,
supra; Braxton-Fountain, 133 Ohio App.3d at 328. Since neither of these standards was presented by Tarellari's expert during Tarellari's case-in-chief and since the expert did not testify that the students breached the applicable standard of care, it was proper for the trial court to grant a judgment notwithstanding the verdict.
 {¶ 18} Indeed, it is well settled that an appellate court is required to affirm a correct decision, even if made for the wrong reasons. Joycev. General Motors Corp. (1990), 49 Ohio St.3d 93; see, also, Weaver v.The Columbus, Shawnee Hocking Railway Co. (1907), 76 Ohio St. 164, 172. In this case, the trial court made the correct decision, albeit for a slightly incorrect reason; therefore, we affirm.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, JR., P.J., and Kilbane, J., concur.