[Cite as *Armeni v. Aromatorio*, 2012-Ohio-1500.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| ROBERT ARMENI, et al., | ) | |
| | ) | CASE NO.    11 MA 48 |
| PLAINTIFFS-APPELLANTS, | ) | |
| | ) | |
| - VS - | ) | O P I N I O N |
| | ) | |
| GEORGE AROMATORIO, M.D., et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |


CHARACTER OF PROCEEDINGS:     Civil Appeal from Common Pleas Court,
                              Case No. 09CV4247.


JUDGMENT:                     Affirmed.


APPEARANCES:
For Plaintiffs-Appellants:    Attorney Mark Verkhlin
                              839 Southwestern Run
                              Youngstown, Ohio  44514



For Defendants-Appellees:     Attorney Steven Hupp
                              Attorney Jennifer Becker
                              1300 East 9th Street, Suite 1950
                              Cleveland, Ohio  44114-1501



JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Mary DeGenaro


                              Dated:  March 30, 2012

VUKOVICH, J.

{¶1} Plaintiffs-appellants Robert and Carol Armeni appeal the decision of the Mahoning County Common Pleas Court, which granted summary judgment in favor of defendants-appellees George Aromatorio, M.D. and Advanced Cardiology, Inc. Appellants argue that their action was not based upon a medical claim and thus expert testimony was not required. However, appellants failed to oppose the motion for summary judgment. Moreover, appellants' claims revolve wholly around acts or omissions of a physician and nurses during a medical test, the unspecified acts and omissions are not matters of common knowledge, and some evidence on the standard of care, breach, and proximate cause was required in order to meet the nonmovant's reciprocal burden. For the following reasons, the judgment of the trial court is hereby affirmed.

<u>STATEMENT OF THE CASE</u>

{¶2} Mr. Armeni underwent annual treadmill stress tests at Advanced Cardiology (the heart center) starting in 2002. (Armeni Depo. at 13-16). On January 24, 2007, Mr. Armeni went to the heart center for his stress test with Dr. Aromatorio supervising. During the test, he lost strength in his leg and fell. At one point, he said a snap in his ankle caused him to fall; at another point, he said he did not know if the snap happened before or after he fell. (Armeni Depo. at 28-30). Mr. Armeni went to a podiatrist who advised him that he tore his Achilles tendon. He then went to an orthopedic surgeon who stated that he needed surgery on his ankle. (Armeni Depo. at 38).

{¶3} Mr. Armeni and his wife filed a complaint against the physician and the heart center, who both sought dismissal based upon the failure to file a Civ.R. 10(D) affidavit of merit. The Armenis then voluntarily dismissed their complaint, and refiled it within the year. The refiled complaint posited the eight counts which they described as: (1) premises liability for failure to warn an invitee of the incline of the treadmill; (2 & 3) negligent supervision of Mr. Armeni while on the treadmill; (4) negligent supervision of employees; (5) negligence in interactions with Mr. Armeni; (6 & 7) medical malpractice; and (8) loss of consortium.

**{¶4}** Again, the defendants sought dismissal for failure to file an affidavit of merit under Civ.R. 10(D). In response, the Armenis dismissed the medical malpractice claims in counts 6 and 7. The defendants replied that the entire case was based upon a medical claim and thus the dismissal of counts 6 and 7 would not negate the need for an affidavit of merit.

**{¶5}** On July 19, 2010, the trial court overruled the motion to dismiss. The court opined that an affidavit of merit was no longer required because the medical malpractice claims were being dismissed and that expert testimony was not required to prove the remaining claims of negligence, premises liability, and negligent supervision.

**{¶6}** On October 13, 2010, the defendants filed a motion for summary judgment attaching Mr. Armeni's deposition and the affidavit of Dr. Aromatorio. The affidavit stated that the stress test was an inherently necessary part of Mr. Armeni's medical treatment. He stated that he personally supervised the test. He stated that Mr. Armeni's complaints of pain occurred during the normal operation of the treadmill and that there was no malfunction. He disclosed that leg and foot injuries can occur in the absence of negligence. Dr. Aromatorio concluded that he met the standard of care in the treatment of Mr. Armeni, that he was not negligent in supervising or conducting the test, and that Mr. Armeni would have sustained his injury regardless of the administration of the stress test.

**{¶7}** In the attached deposition, Mr. Armeni related that the belt revved up and "was going real fast" and the next thing he knew, he fell. (Armeni Depo. at 26). He first stated that did not remember if the treadmill increased speed during the test. (Id. at 16). He later answered that the treadmill sped up while he was undergoing the test. (Id. at 26). However, considering his prior answers, it remained unclear if he meant that it changed speeds during the test or if merely increased speed as it started. He could not recall if he had to run to keep up with the speed of the treadmill and could not answer whether he fell because he could not keep up. (Depo. at 27-28). Mr. Armeni also testified twice at deposition that he did not remember if the treadmill inclined during the test. (Armeni Depo. at 16, 26).

**{¶8}** The defendants' motion for summary judgment noted that their motion to dismiss was denied based upon the pleadings but that the summary judgment motion was based upon the facts within the summary judgment material submitted. The motion then urged that the injuries fell directly within the definition of a medical claim as Mr. Armeni was a patient, a medical test was necessary, and he was being administered the medical test during the injury. The defendants reviewed multiple cases on the topic and concluded that this was not an ordinary negligence case. Thus, the motion continued, expert testimony was required to establish a prima facie case concerning the standard of care, the existence of a breach, and whether that breach proximately caused the injury.

**{¶9}** When the Armenis failed to oppose the summary judgment motion, the defendants filed a December 3, 2010 brief in further support of their request for summary judgment. They pointed out that the opposition was due on October 27, 2010 pursuant to Mah. Cty. Loc.R. 6(A)(2) and that no extension had been requested. On December 21, 2010, the defendants filed proposed findings of fact and conclusions of law regarding their summary judgment motion.

**{¶10}** The defendants then filed a motion to strike a proposed judgment entry put forward by the Armenis. The defendants state that the proposed entry incorrectly stated that Mr. Armeni testified that no physician was present for the stress test when in fact he testified that he heard the nurses say that the doctor entered the room and he knew there was a man in the room whom he presumed was the doctor. (Armeni Depo. at 23-24). The defendants reiterated that the Armenis did not respond to their motion for summary judgment and pointed out that the physician's affidavit remained unrebutted. Apparently, the Armenis sent this proposed entry to the defendant but never ended up filing it. See Docket 24-31. Thus, it is not before us.

**{¶11}** On February 17, 2011, still without receiving any opposition from the Armenis, the trial court granted summary judgment in favor of the defendants. The court noted that the motion was unopposed. The court found that the facts in the deposition and affidavit show that this is not an ordinary negligence case but rather the injury is a medical claim. Thus, the court concluded, the Armenis failed to establish a

prima facie case of medical negligence because they failed to produce expert testimony on duty, breach, and proximate cause.

{¶12} The Armenis (hereinafter appellants) filed timely notice of appeal. *See* App.R. 4(A) (appeal must be filed thirty days from service of the notice of judgment in a civil case where service is not made within three days as per division (B) of Civ.R. 58).

ASSIGNMENT OF ERROR

{¶13} Appellants set forth one assignment of error:

{¶14} "THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO APPELLEES SINCE QUESTIONS OF MATERIAL FACT AS TO THE DUTY AND NEGLIGENCE OF APPELLEES ARE PRESENT, AS APPELLEES FAILED TO SHOW THAT SUMMARY JUDGMENT WAS PROPER PURSUANT TO CIV.R. 56."

{¶15} Summary judgment can be granted only where there remains no genuine issue of material fact for trial and where, after construing the evidence most strongly in favor of the nonmovant, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, ¶ 10, citing Civ.R. 56(C). The burden of showing that there is no genuine issue of material fact initially falls upon the party who files for summary judgment. *Id.*, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 294, 662 N.E.2d 264 (1996).

{¶16} Thereafter, the nonmovant may not rest upon mere allegations or denials of the party's pleadings but must respond by setting forth specific facts showing that there is a genuine issue for trial. *Id.*, citing Civ.R. 56(E). "If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." Civ.R. 56(E). Although courts are cautioned to construe the evidence in favor of the nonmoving party, summary judgment is not to be discouraged where a nonmovant fails to respond with evidence supporting the essentials of his claim. *Leibreich v. A.J. Refrigeration, Inc.*, 67 Ohio St.3d 266, 269, 617 N.E.2d 1068 (1993).

{¶17} As for evidence, the defendants produced the physician's affidavit stating that leg and foot injuries can occur during a stress test, the treadmill did not malfunction, he met the standard of care, and he was not negligent in supervising or

conducting the test. A doctor's own affidavit can be considered in determining whether the standard of care was met at the summary judgment stage. *See Hoffman v. Davidson*, 31 Ohio St.3d 60, 61, 508 N.E.2d 958 (1987). The defendants also submitted Mr. Armeni's deposition. However, as will be further explored infra, this did not establish negligence. In fact, the deposition established that he did not even know if his first claim, regarding an inclining treadmill, was true.

{¶18} In beginning our analysis, we begin with the most obvious failure: appellants did not oppose the motion for summary judgment and cannot rest on the mere allegations in the pleadings. *See Dresher*, 75 Ohio St.3d at 293. Rather, the nonmovant must respond and attach summary judgment materials or cite to those already in the record. Appellants had plenty of time and opportunity to file an opposition motion or an extension and did not do so. As aforementioned, the motion for summary judgment was filed on October 13, 2010, the defendant's pointed out the failure to respond on December 3, 2010, the defendant's filed proposed findings and conclusion on December 21, 2010, and the court did not grant summary judgment until February 17, 2011. However, appellants filed nothing, which is in contravention of Civ.R. 56(E).

{¶19} Moreover, as the defendants pointed out, the denial of their motion to dismiss was based upon the bare pleadings; however, their motion for summary judgment was based upon the facts of the case as developed in discovery and presented to the court by the defendant's submission of Mr. Armeni's deposition and the physician's affidavit. As can be seen from this evidence, appellant's injury is based upon allegations of medical malpractice. Even though he purportedly dismissed his medical malpractice claims in order to avoid filing an affidavit of merit, the facts developed demonstrate that his claims all revolve around whether the medical test was properly administered.

{¶20} The defendants characterize the claims as medical based upon R.C. 2305.113, which is a statute of limitations. This statute defines a medical claim as:

{¶21} "any claim that is asserted in any civil action against a physician, podiatrist, hospital, home, or residential facility, against any employee or agent of a physician, podiatrist, hospital, home, or residential facility, or against a licensed

practical nurse, registered nurse, advanced practice nurse, physical therapist, physician assistant, emergency medical technician-basic, emergency medical technician-intermediate, or emergency medical technician-paramedic, and that arises out of the medical diagnosis, care, or treatment of any person. 'Medical claim' includes the following:

**{¶22}** "(a) Derivative claims for relief that arise from the medical diagnosis, care, or treatment of a person;

**{¶23}** "(b) Claims that arise out of the medical diagnosis, care, or treatment of any person and to which either of the following applies:

**{¶24}** "(i) The claim results from acts or omissions in providing medical care.

**{¶25}** "(ii) The claim results from the hiring, training, supervision, retention, or termination of caregivers providing medical diagnosis, care, or treatment." R.C. 2305.113(E)(3).

**{¶26}** This definition is also used in Civ.R. 10(D)(2)(a) for purposes of ascertaining whether an affidavit of merit is required to be filed with a complaint. In interpreting this law, the Supreme Court has held that merely transporting a patient from his hospital room to his physical therapy involves a medical claim. *Rome v. Flower Mem. Hosp.*, 70 Ohio St.3d 14, 16, 63 N.E.2d 1239 (1994). Here, the patient's injury allegedly occurred during the actual administration of the test.

**{¶27}** Still, the statute of limitations is not at issue in the case before us and the affidavit of merit stage is over.[1] Thus, although it could assist in determining whether appellant's claim are essentially ones of medical negligence, an analysis on what constitutes a medical claim under a certain statute of limitations is not wholly determinative.

**{¶28}** In any event, the analysis to be set forth infra establishes why evidence of the standard of care, breach, and proximate cause was required at the summary judgment stage (without regard to what constitutes a medical claim for purposes of a statute of limitations). The central question here is whether any evidence was presented to meet the nonmovant's burden and whether expert testimony was

---

[1]An affidavit of merit could not have been used to oppose summary judgment in any event. *Ramos v. Khawli*, 181 Ohio App.3d 176, 2009-Ohio-798, 908 N.E.2d 495, ¶86.

required to avoid summary judgment, which deals with whether the plaintiff's claim involves medical negligence beyond the knowledge of a layperson.

{¶29} All of the acts or omissions alleged here dealt with the administration of a medical test that was prescribed to appellant on a yearly basis. Appellant cannot avoid the requirements for medical malpractice cases by the label he places on a claim. For instance, he labels one claim a bare premises liability action. However, appellant was not a mere business invitee permitted to use a treadmill if he wished to. Rather, the treadmill was being used as a *medical device* during heart monitoring. In any event, the physician's affidavit shows that the treadmill was working properly. No evidence shows otherwise. Appellant's complaint mentioned the treadmill inclining. However, his deposition states that he does not recall if it inclined, and he presented no summary judgment evidence to establish this fact or to establish that he was not warned that it may incline.

{¶30} Appellant's claims of negligent supervision of the nurses, negligent supervision of his walking, and general negligence are all based upon his claim that his *medical test* was not supervised properly. This is a direct allegation of medical malpractice. No duties or breaches thereof, besides that of a physician, heart center, and nurses to their patient, have been supported here.

{¶31} A medical malpractice plaintiff must establish the standard of care within the medical community, that the defendant breached that standard, and that the breach proximately caused the injury. See *Bruni v. Tatsumi*, 46 Ohio St.2d 127, 346 N.E.2d 673 (1976) (the injury was proximately caused by the doing of some particular thing that a physician of ordinary skill, care and diligence would not have done under similar conditions or by the failure to do some particular thing that such a physician would have done under similar conditions).

{¶32} When these elements are beyond the common knowledge and understanding of the fact-finder, expert testimony must be offered to prove the claim. *Id.* at 131–132. The same is true with respect to nurses. *Ramage v. Central Ohio Emergency Services, Inc.*, 64 Ohio St.3d 97, 102, 592 N.E.2d 828 (1992). The same is true of negligent supervision claims. *Wright v. Univ. Hosp. of Cleveland*, 55 Ohio App.3d 227, 232, 563 N.E.2d 361 (1989). We cannot infer that the stress test should

have been performed differently here based merely upon the fact that Mr. Armeni suffered a torn tendon in his ankle.

{¶33} Notably, any allegation of negligence remains unspecified. In fact, as they did not file an opposition to summary judgment, they did not even argue below that the standard, breach, and cause were within the knowledge realm of an ordinary person, and thus, they waive any such claim here. See *White v. Summa Health Syst.*, 9th Dist. No. 24283, 2008-Ohio-6790, ¶ 24.

{¶34} Where the plaintiff fails to present expert testimony that a physician breached the applicable standard of care and that the breach constituted the direct and proximate cause of the plaintiff's injury, a court may enter summary judgment in favor of the defendant-physician. *Click v. Georgopoulos*, 7th Dist. No. 08MA240, 2009–Ohio–6245, ¶ 29-30. *See also Korreckt v. Ohio Health*, 10th Dist. No. 10AP-819, 2011-Ohio-3082, ¶ 12; *Hitch v. Thomas*, 6th Dist. No. L-09-1292, 2010-Ohio-3630, ¶ 47; *Nye v. Ellis*, 5th Dist. No. 09-CA-80, 2010-Ohio-1462, ¶ 38; *Taylor v. McCullough-Hyde Memorial Hosp.*, 116 Ohio App.3d 595, 599-600, 588 N.E.2d 1028 (12th Dist. 1996).

{¶35} Here, there is no indication that a reasonable physician would have supervised the test differently than the physician did in this case, and this was not shown to be a matter of common knowledge. There is no summary judgment evidence that Mr. Armeni would not have torn his tendon had the nurses or the physician done something differently. There is no evidence that any act that was performed contrary to ordinary medical standards or that a procedure was omitted that would have been performed by a physician of ordinary skill. To the contrary, the evidence in the form of the physician's unrebutted affidavit demonstrated that he met the standard of care during his treatment of Mr. Armeni and that he was not negligent in supervising and conducting the test. As such, the Armenis failed to meet their reciprocal burden of setting forth summary judgment materials to show a genuine issue of material fact remains for trial.

{¶36} For the foregoing reasons, the judgment of the trial court is hereby affirmed.

Donofrio, J., concurs.
DeGenaro, J., concurs.