[Cite as *McHugh v. Fraser*, 2019-Ohio-3733.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## JEFFERSON COUNTY

SHARON MCHUGH ET AL.,

Plaintiffs-Appellants,

v.

DR. JAMES FRASER ET AL.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 18 JE 0020**

---

Civil Appeal from the
Court of Common Pleas of Jefferson County, Ohio
Case No. 17-CV-390

**BEFORE:**
Gene Donofrio, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Lance Johnson, Atty. Alanna Klein, Atty. Andrew Hanna*, 17325 Euclid Avenue, Suite 2078, Cleveland, Ohio 44112, for Plaintiffs-Appellants and

*Atty. Matthew Mullen, Atty. John Maxwell*, Krugliak, Wilkins, Griffiths & Dougherty, 158 North Broadway Street, New Philadelphia, Ohio 44663, for Defendants-Appellees.

Dated:
September 12, 2019

**Donofrio, J.**

{¶1}    Plaintiffs-appellants, Sharon McHugh, Charles McHugh, and Fleet Owners Insurance Fund, appeal from a Jefferson County Common Pleas Court judgment granting summary judgment in favor of defendant-appellee, James Fraser, D.D.S., on appellants' dental malpractice claim.

{¶2}    Appellee is a general dentist.  Appellant Sharon McHugh had been appellee's patient since 1985.  Sharon suffered from periodontal disease.  As a result of her periodontal disease, appellee extracted two of Sharon's teeth on March 14, 2016.

{¶3}    On March 17, 2016, Sharon's dog bit her.  The bite broke the skin.

{¶4}    The next day, March 18, Sharon felt ill with flu-like symptoms.  The day after that, March 19, Sharon's husband, appellant Charles McHugh, noticed that Sharon's nose, ears, and lips were discolored.  Sharon was still feeling ill.  Charles took Sharon to the emergency department at the local Trinity Hospital (Trinity) later that day.  She was diagnosed with a sepsis infection, renal failure, and thrombocytopenia.

{¶5}    The treating physician at Trinity determined that Sharon should be transported by helicopter to University of Pittsburgh Medical Center (UPMC).  At UPMC, Sharon was treated for the sepsis infection and other resulting conditions.  She was hospitalized for approximately one month before she was well enough to be released.  She was re-admitted to the hospital several more times through August 2016.  As a result of the infection, Sharon had to have her spleen removed along with part of her clavicle, and several toes.

{¶6}    On August 25, 2017, appellants filed a complaint against appellee for dental malpractice, loss of consortium, and subrogation for medical claims paid.  They attached the affidavit of Doctor Sam Morhaim, a periodontist who opined appellee breached the standard of care in treating Sharon.

{¶7}    Appellee filed a motion for summary judgment.  Appellee asserted that appellants were unable to satisfy the element of proximate cause.  He alleged that

appellants' expert was unable to offer an opinion in terms of medical probability that any alleged negligence on his part caused Sharon's illness. Therefore, appellee claimed that he was entitled to judgment as a matter of law.

{¶8} In response, appellants asserted appellee's own records demonstrated that he failed to follow accepted dental practices in treating Sharon. They claimed a genuine issue of material fact existed as to whether Sharon suffered from an infection at the time appellee extracted her teeth or whether the infection developed later.

{¶9} The trial court granted appellee's motion for summary judgment. The court stated the key issue in the case was the cause of Sharon's sepsis. It noted that appellants claimed the sepsis was proximately caused by appellee's negligent treatment while appellee claimed the sepsis was caused by the dog bite. The court noted the hospital records indicated that the dog bite was the cause of the sepsis. The court went on to find that appellants' expert was unable to give an opinion to a reasonable degree of dental certainty that appellee's negligent treatment proximately caused Sharon's illness. It found that appellants failed to provide any admissible evidence that would indicate appellee's negligence was the proximate cause of Sharon's illness. Therefore, the court granted appellee's motion for summary judgment and dismissed the case.

{¶10} Appellants filed a timely notice of appeal on October 2, 2018. They now raise five assignments of error.

{¶11} An appellate court reviews a summary judgment ruling de novo. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. Thus, we shall apply the same test as the trial court in determining whether summary judgment was proper.

{¶12} A court may grant summary judgment only when (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) the evidence can only produce a finding that is contrary to the non-moving party. *Mercer v. Halmbacher*, 9th Dist. Summit No. 27799, 2015-Ohio-4167, ¶ 8; Civ.R. 56(C). The initial burden is on the party moving for summary judgment to demonstrate the absence of a genuine issue of material fact as to the essential elements of the case with evidence of the type listed in Civ.R. 56(C). *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). A "material fact" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assos., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088

(8th Dist.1995), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

**{¶13}** If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts to show that there is a genuine issue of material fact. *Id.*; Civ.R. 56(E). "Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party." *Welco Industries, Inc. v. Applied Cos.*, 67 Ohio St.3d 344, 346, 617 N.E.2d 1129 (1993).

**{¶14}** Appellants' first assignment of error states:

THE COURT ERRED IN CONSIDERING THE DOG BITE AS ADMISSIBLE EVIDENCE, UNDER RULE 56, OF AN ALTERNATIVE CAUSE OF PLAINTIFF-APPELLANT MRS. McHUGH'S INJURIES.

**{¶15}** Appellants argue that the trial court considered inadmissible evidence in ruling on appellee's summary judgment motion. Specifically, they assert the trial court considered, when it should not have considered, (1) Sharon's hospital records and (2) defense counsel's assertion that a dog bite proximately caused Sharon's injuries. Appellants go on to argue that appellee's counsel forced their expert to accept as true the hypothetical statement that the dog bite caused Sharon's injuries. In sum, appellants argue the trial court failed to construe the evidence in their favor as it was required to do.

**{¶16}** In ruling on a motion for summary judgment, the trial court shall grant summary judgment if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Civ.R. 56(C). The court may not consider any evidence or stipulation other than that set out in the rule. Civ.R. 56(C).

**{¶17}** First, appellants contend the trial court erred in considering Sharon's hospital records.

**{¶18}** Sharon's hospital records were exhibits to her deposition, which she identified. (S. McHugh Dep. Exs. E, F, G). Her records were also attached to Dr. Morhaim's report, which was included as an exhibit to his deposition. (Morhaim Dep. Ex.

C). Thus, Sharon's hospital records were proper summary judgment evidence pursuant to Civ.R. 56(C). As such, the trial court was permitted to consider them in ruling on the summary judgment motion.

{¶19} Second, appellants contend the trial court erred in considering what they call "defense counsel's assertion" that a dog bite proximately caused Sharon's sepsis infection. Appellants, however, have mislabeled evidence of the dog bite by calling it an "assertion" by defense counsel.

{¶20} Sharon stated in her deposition that her dog bit her on March 16, 2016 at approximately 4:00 p.m. (S. McHugh Dep. 36-38). She stated that she was trying to prevent her dog from growling at her neighbor's dog. (S. McHugh Dep. 37-38). She put her hand down to push her dog out of the way and her dog bit her. (S. McHugh Dep. 37-38). Sharon stated that her dog "barely bit" her but acknowledged that the bite broke the skin. (S. McHugh Dep. 37). Sharon also reported the dog bite to hospital personnel when she went to the emergency department at Trinity Hospital two days later. (S. McHugh Dep. Ex. E). And her UPMC discharge papers indicate that her sepsis infection was caused by "Bacterium with Capnocytophaga from dog bite." (S. McHugh Dep. G).

{¶21} Given Sharon's testimony regarding the dog bite and her medical records referring to the dog bite, this evidence is not an "assertion by defense counsel" as appellants categorize it. On the contrary, the evidence of the dog bite is proper summary judgment evidence. Thus, the trial court did not err in considering it.

{¶22} Accordingly, appellants' first assignment of error is without merit and is overruled.

{¶23} Appellants' second assignment of error states:

IN APPLYING RULE 56, THE COURT ERRED BY FAILING TO FIND THAT PLAINTIFFS-APPELLANTS' EXPERT PROVIDED AN ADMISSIBLE OPINION THAT THE DEFENDANT-APPELLEE'S NEGLIGENCE PROXIMATELY CAUSED MRS. McHUGH'S INJURIES.

{¶24} Here appellants contend the trial court should have found that their expert provided an admissible opinion to a reasonable degree of dental certainty that appellee's negligence proximately caused Sharon's injuries. They contend they submitted credible

evidence that appellee's failure to follow the standard of care either directly resulted in Sharon's sepsis or made her susceptible to contracting it. Appellants argue that their expert's report and deposition testimony, when viewed in their favor, created a genuine issue of material fact for trial.

**{¶25}** In order to establish a claim of dental malpractice, the plaintiff must prove (1) the existing standard of care within the dental community, (2) a breach of that standard of care by the defendant, and (3) proximate cause between the breach of standard of care and the plaintiff's injury. *Tarellari v. Case W. Res. School of Dentistry*, 8th Dist. Cuyahoga No. 84892, 2005-Ohio-2327, ¶ 10.

**{¶26}** When the plaintiff fails to present expert testimony that the defendant physician/dentist breached the applicable standard of care and that the breach constituted the direct and proximate cause of the plaintiff's injury, summary judgment in favor of the defendant-physician is appropriate. *Armeni v. Aromatorio*, 7th Dist. Mahoning No. 11 MA 48, 2012-Ohio-1500, ¶ 34.

**{¶27}** In his deposition, appellants' expert Dr. Morhaim acknowledged that Sharon's infection was caused by Capnocytophaga bacteria. (Morhaim Dep. 62). He stated that this particular bacteria is associated with periodontal disease as well as being a bacteria commonly found in dog saliva. (Morhaim Dep. 62).

**{¶28}** Dr. Morhaim stated in his report that appellee fell below the standard of care in seven different ways: (1) failing to use proper diagnostic tests prior to the extraction of Sharon's teeth; (2) failing to properly inform Sharon of all of the potential risks involved with the tooth extraction; (3) failing to adequately treat the surrounding teeth; (4) failing to properly document the treatment; (5) failing to discuss dental implants as a potential treatment option; (6) failing to prescribe antibiotics to Sharon, which placed her in a "more susceptible state" of developing a post-operative infection; and (7) failing to follow up with Sharon after extracting her teeth. (Morhaim Dep. Ex. C, p. 13-23).

**{¶29}** Dr. Morhaim concluded: "It is my professional opinion, based upon a reasonable degree of dental certainty that Dr. Fraser's negligent and substandard care *may have acted* as a contributing factor to Mrs. McHugh's deteriorating medical conditions." (Emphasis added; Morhaim Dep. Ex. C, p. 3). The doctor's final statement in his report was that: "It is my professional opinion based upon my education, clinical

expertise, and twenty-eight years of experience in the dental field, that Dr. Frasers [sic.] substandard care of Mrs. McHugh, *may have acted* as a contributing factor in her developing a post-operative infection." (Emphasis added; Morhaim Dep. Ex. C, p. 24).

**{¶30}** At Dr. Morhaim's deposition, appellee's counsel went through each of the above seven ways the doctor opined appellee breached the standard of care. As to each one, counsel asked the doctor if that particular breach of the standard of care proximately caused any damages to Sharon. As to breaches one through five and breach seven, Dr. Morhaim stated that the breach of the standard of care did not proximately cause injury to Sharon. (Morhaim Dep. 84-94). As to breach six, the failure to prescribe antibiotics, the doctor's response was somewhat uncertain. Dr. Morhaim opined that the standard of care requires the dentist to prescribe antibiotics in connection with a tooth extraction when the patient is suffering from periodontal disease. (Morhaim Dep. 94). But Dr. Morhaim acknowledged that this a disputed opinion in dentistry. (Morhaim Dep. 95). He stated that there are many well-respected dentists who believe antibiotics are over-prescribed and who would not view the failure to prescribe them as falling below the standard of care. (Morhaim Dep. 95).

**{¶31}** Finally, Dr. Morhaim opined there "may have been an association" between appellee's care and Sharon's medical problems. (Morhaim Dep. 98). But he agreed that he was not giving an opinion "to a more likely than not to a reasonable degree of medical certainty." (Morhaim Dep. 98-99).

**{¶32}** Also at Dr. Morhaim's deposition, appellee's counsel asked the doctor, "Before I go any further, let me can [sic.] ask you directly, is it your opinion, to a reasonable degree of dental certainty, that the care of Dr. Fraser approximately [sic.] caused the sepsis that she was treated for?" (Morhaim Dep. 67-68). Dr. Morhaim replied:

> I don't think I can say for sure that that happened. It would be irresponsible of me to say that. My words in my report, even after I received the additional materials sent to me, I think, is the best way to describe it. That my opinion based on a reasonable degree of dental certainty that there *may have been an association* between the breach of the standard of care in dentistry by Dr. Fraser's treatment of Ms. McHugh. And what subsequently happened to her. But I cannot definitively say that two - - that one caused the other.

(Emphasis added; Morhaim Dep. 68). Counsel then asked the doctor, "You can't even say it is more likely than not; correct?" (Morhaim Dep. 68). To which Dr. Morhaim responded, "Correct." (Morhaim Dep. 68).

**{¶33}** Dr. Morhaim also agreed that the only conclusion that Sharon's treating doctors reached was that she developed sepsis as a result of a dog bite. (Morhaim Dep. 81).

**{¶34}** The Ohio Supreme Court has stated that "an expert opinion relating to whether the risk materialized and proximately caused injury should be framed in terms of medical probability, not possibility." *White v. Leimbach*, 131 Ohio St.3d 21, 2011-Ohio-6238, 959 N.E.2d 1033, ¶ 39.

**{¶35}** Moreover, the Sixth District recently discussed what is required of an expert's testimony in a medical/dental malpractice claim:

> In Ohio, an expert's testimony concerning proximate cause is admissible only where his or her opinions as to the causative event are expressed in terms of probability. *Stinson v. England*, 69 Ohio St.3d 451, 455, 633 N.E.2d 532 (1994). "[A]n event is probable if there is a greater than fifty percent likelihood that it produced the occurrence at issue." *Id.* "If an expert testifying as to causation fails to testify in terms of probability, the expert's testimony is incompetent." *Steinmetz v. Latva*, 6th Dist. Erie No. E-02-025, 2003-Ohio-3455, 2003 WL 21500185, ¶ 21.

*Harris-Miles v. Lakewood Hosp.*, 6th Dist. Erie No. E-17-023, 2018-Ohio-664, ¶ 17.

**{¶36}** In *Harris-Miles*, the expert doctor was unable to state to reasonable degree of medical certainty that the plaintiff would not have suffered an alveolar hemorrhage if a steroid had been prescribed. *Id.* ¶ 18. The Sixth District found that the plaintiff was required to present testimony that it was more likely than not that her injury would have been prevented if the defendant would have prescribed a steroid. *Id.* at 21. The court concluded that because the expert was unable to state to a reasonable degree of medical probability that the failure to prescribe a steroid caused the plaintiff's injury, the expert's testimony was incompetent and inadmissible. *Id.* at ¶ 22. Consequently, the court affirmed summary judgment in favor of the defendant.

**{¶37}** In this case, Dr. Morhaim did not offer an admissible opinion to a reasonable degree of dental certainty that appellee's negligence proximately caused Sharon's injuries. Dr. Morhaim only opined that appellee's negligence "may have" caused Sharon's injuries. Appellee's counsel afforded the doctor numerous occasions to give an opinion to reasonable degree of dental certainty as to the cause of the Sharon's injuries, but Dr. Morhaim stated unequivocally that he was unable to do so. He even stated he could not find that it was "more likely than not" that appellee's negligence caused Sharon's injuries. Moreover, even in his report, Dr. Morhaim was only able to opine that appellee's negligence "may have acted" as a contributing factor in Sharon developing the sepsis infection. Thus, Dr. Morhaim was unable to offer an opinion as to whether it was probable that appellee's negligence caused Sharon's injuries.

**{¶38}** Based on the above, the trial court correctly concluded that Dr. Morhaim's testimony was legally deficient to raise a factual issue as to proximate cause.

**{¶39}** Accordingly, appellants' second assignment of error is without merit and is overruled.

**{¶40}** Appellants' third assignment of error states:

IN APPLYING RULE 56, THE COURT ERRED BY FAILING TO FIND THAT THE ADMISSIBLE EVIDENCE CUMULATIVELY ESTABLISHED A MATERIAL ISSUE OF FACT REGARDING PROXIMATE CAUSE.

**{¶41}** In this assignment of error, appellants assert the trial court failed to consider all of the evidence and construe it in their favor. Had it done so, appellants urge, the court would have found that a genuine issue of material fact existed as to the proximate cause of Sharon's sepsis.

**{¶42}** Dr. Morhaim's report and deposition were the only evidentiary materials appellants submitted to attempt to establish proximate cause. In his report, Dr. Morhaim opined that appellee did not meet the standard of care. (Morhaim Dep. Ex. C). Significantly though, he still concluded that appellee's alleged negligence "may have acted" as a contributing factor to Sharon's medical condition. (Morhaim Dep. Ex. C). And in his deposition testimony, Dr. Morhaim repeatedly stated that he could not give an

opinion that it was more likely than not that appellee's alleged negligence caused Sharon's sepsis infection. (Morhaim Dep. 67-68, 98-99).

{¶43} At oral argument, appellants argued the trial court should have considered Dr. Morhaim's affidavit of merit as evidence that appellee's breach of the standard of care caused Sharon's injuries. Appellants attached Dr. Morhaim's affidavit of merit to their complaint wherein he averred that appellee breached the standard of care and that based on a reasonable degree of medical certainty that breach was the proximate cause of Sharon's injuries.

{¶44} The affidavit of merit that is required by Civ.R. 10(D)(2) to be attached to a complaint for medical or dental malpractice is not actually evidence. "An affidavit of merit is required to establish the adequacy of the complaint and shall not otherwise be admissible as evidence or used for purposes of impeachment." Civ.R. 10(D)(2)(d).

{¶45} In addressing whether an affidavit of merit is proper summary judgment evidence, the Second District has held:

> An affidavit of merit need not set out the recognized prevailing standard of care in the relevant medical community, how the defendant failed to meet the standard of care, or how that breach caused the plaintiff's injury. Accordingly, an affidavit of merit which includes only the bare assertions required by Civ.R. 10(D)(2)(a) can never constitute evidence of the type enunciated in Civ.R. 56(C) to support or oppose a motion for summary judgment.

*White v. Summa Health Sys.*, 9th Dist. Summit No. 24283, 2008-Ohio-6790, ¶ 22. And the Eight District has noted an affidavit used for purposes of avoiding summary judgment must list the facts and not merely state final conclusory opinions on liability. *Schura v. Marymount Hosp.*, 8th Dist. Cuyahoga No. 94359, 2010-Ohio-5246, ¶ 28. When the affidavit of merit contains only the bare allegations required by Civ.R. 10(D)(2), it is insufficient to oppose summary judgment. *Id.*

{¶46} In this case, the affidavit of merit makes only bare allegations. There is no reference at all to the facts of this case. Therefore, it was not proper evidence to oppose summary judgment.

{¶47} While trial courts must resolve doubts and construe evidence in favor of the nonmoving party, summary judgment is nevertheless appropriate when the plaintiff fails

to produce evidence supporting an essential element of its claim. *Welco Industries*, 67 Ohio St.3d at 346. Without expert testimony indicating that appellee's alleged negligence more likely than not caused Sharon's injuries, appellants cannot demonstrate a genuine issue of material fact to preclude summary judgment.

**{¶48}** Accordingly, appellants' third assignment of error is without merit and is overruled.

**{¶49}** Appellants' fourth assignment of error states:

IN APPLYING RULE 56, THE COURT ERRED IN FAILING TO FIND THAT THIS IS A CASE WHERE PROXIMATE CAUSE IS SO APPARENT THAT EXPERT TESTIMONY TO ESTABLISH CAUSATION IS NOT NEEDED.

**{¶50}** Appellants assert here that it is undisputed that Sharon's sepsis was caused by a bacteria known as Capnocytophaga entering her bloodstream. They note that this type of this bacteria is commonly found in the human mouth. Thus, they claim expert testimony was not needed in this case to establish proximate cause. Appellants go on to argue that appellee admitted to breaching the standard of care by failing to prescribe antibiotics to Sharon in conjunction with her tooth extraction. At the least, appellants contend, this evidence creates a genuine issue of material fact as to the proximate cause of Sharon's infection.

**{¶51}** As stated above, a dental malpractice plaintiff is required to present evidence that the defendant breached the applicable standard of care and that the breach proximately caused the plaintiff's injury. *Tarellari*, 2005-Ohio-2327, at ¶ 10. Generally, expert testimony is required to prove these elements. But an exception to the rule requiring expert testimony exists when the lack of skill or care of the defendant physician is so apparent that it is within the comprehension of laymen and requires only common knowledge and experience to understand it. *Rogoff v. King*, 91 Ohio App.3d 438, 445, 632 N.E.2d 977 (8th Dist.1993).

**{¶52}** Expert testimony was required in this case to establish proximate cause. The bacteria Capnocytophaga is not something of which the average layperson would be aware of. Likewise, it is not within a layperson's common knowledge that this particular

type of bacteria is found both in a dog's saliva and in a human's oral cavity. Moreover, the fact that this bacteria can cause a sepsis infection if it travels into the bloodstream is not within a layperson's common knowledge.

**{¶53}** In determining that a layperson would not be able to discern whether leaving monofilament sutures and felt pledgets inside of the chest cavity constituted negligence, this court observed: "This situation is different from those where a limb is mistakenly amputated or where a large surgical instrument is left inside the patient. In other words, it does not take an expert to discern that negligence occurs when the wrong leg is amputated or a large forceps is left inside of a patient's abdomen." *Click v. Georgopoulos*, 7th Dist. Mahoning No. 08 MA 240, 2009-Ohio-6245, ¶ 26.

**{¶54}** The same rationale applies in this case. The alleged negligence is not as obvious as amputating the wrong leg or leaving a surgical instrument inside a patient. Instead, it would take expert testimony to explain how appellee's alleged negligence resulted in Sharon's injury.

**{¶55}** Accordingly, appellants' fourth assignment of error is without merit and is overruled.

**{¶56}** Appellants' fifth assignment of error states:

THE COURT'S ENFORCEMENT OF THE STATE DENTAL LICENSING SCHEME VIOLATED PLAINTIFFS-APPELLANTS' CONSTITUTIONAL RIGHT OF DUE PROCESS.

**{¶57}** In their final assignment of error, appellants argue that they have a right of due process for their claims against appellee, who is regulated and licensed by the state of Ohio to practice dentistry. They point out that R.C. 4715.141 requires licensed dentists to complete 40 hours of bi-annual continuing dental education. Appellants note, however, that the statute does not require that the continuing education be varied so that dentists remain up to date on emerging dental information. They contend that Ohio's licensing requirements are unconstitutional and have deprived them of their day in court.

**{¶58}** As appellee points out, appellants failed to raise these constitutional arguments in their complaint and failed to serve the Ohio Attorney General with a copy of the complaint.

{¶59}  An appellant cannot raise an issue on appeal for the first time that could have been raised and resolved in the trial court.  *Quick v. Jenkins*, 7th Dist. Columbiana No. 13 CO 4, 2013-Ohio-4371, ¶ 27.  Issues not raised to the trial court are deemed waived on appeal.  *Id.*  Therefore, appellants have waived this issue on appeal.

{¶60}  Moreover, when any statute "is alleged to be unconstitutional, the attorney general also shall be served with a copy of the complaint in the action or proceeding and shall be heard."  R.C. 2721.12(A).  When a party argues a statute is unconstitutional and the party does not meet the provisions of R.C. 2721.12(A), courts lack subject matter jurisdiction to determine the constitutionality of that particular statute.  *Mraz v. D & E Counseling Ctr.*, 7th Dist. Carroll No. 01 CA 176, 2002-Ohio-5213, ¶ 11.  Therefore, we lack subject matter jurisdiction to address appellants' arguments regarding the constitutionality of the state dental licensing statutes.

{¶61}  Accordingly, appellants have waived this issue on appeal.  Alternatively, we are without subject matter jurisdiction to rule on appellants' fifth assignment of error.

{¶62}  For the reasons stated above, the trial court's judgment is hereby affirmed.


Robb, J., concurs.
D'Apolito, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Jefferson County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**