[Cite as *Lebanon v. Ballinger*, 2015-Ohio-3522.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| CITY OF LEBANON, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2014-08-107 |
| | : | O P I N I O N |
| - vs - | | 8/31/2015 |
| | : | |
| JAMES WILLIAM BALLINGER a.k.a. | : | |
| Jim Ballinger, | | |
| | : | |
| Defendant-Appellant. | : | |
| | : | |

CIVIL APPEAL FROM LEBANON MUNICIPAL COURT
Case No. CVH-1100467

Mark S. Yurick, Lebanon City Attorney, 50 South Broadway, Lebanon, Ohio 45036 and Taft, Stettinius & Hollister LLP, Joseph C. Pickens, 65 East State Street, Suite 1000, Columbus, Ohio 43215-4213, for plaintiff-appellee

James William Ballinger, 308 East Warren Street, Lebanon, Ohio 45036, defendant-appellant, pro se

**HENDRICKSON, J.**

{¶ 1} Defendant-appellant, James William Ballinger a.k.a. Jim Ballinger, appeals pro se a decision of the Lebanon Municipal Court finding him in contempt for failing to abide by a court order that he remove plastic fencing from his real estate in order to comply with the city of Lebanon's zoning code. For the reasons set forth below, we affirm the trial court's

decision.

## Background

{¶ 2} In July 2011, plaintiff-appellee, the city of Lebanon, filed a complaint and application for injunction against Ballinger. The city alleged Ballinger owned real estate located within the city's Architectural Review Overlay District, and that the property was subject to the Historic Preservation Standards outlined in the city's zoning code. The city further alleged Ballinger had erected inappropriate plastic fencing around his second-story windows and the roof over his porch in violation of the zoning code and without obtaining a Certificate of Appropriateness from the city's Planning Commission.[1] The city claimed it had notified Ballinger of the violation in April 2011 by letter, but Ballinger failed to remove the inappropriate fencing. As a result, the city filed the present lawsuit, seeking an order finding Ballinger in violation of the zoning code and directing him to remove the fencing.

{¶ 3} Ballinger did not file an answer to the complaint, but did otherwise appear in the action. A trial on the city's complaint was held in August 2013 before a magistrate. On September 30, 2013, the magistrate issued a decision finding Ballinger in violation of the city's zoning code. Ballinger was ordered to remove the fencing to bring his property into compliance with the zoning code on or before October 7, 2013. Ballinger did not object and the trial court adopted the magistrate's decision in October 2013. Ballinger did not appeal this decision.

{¶ 4} On November 19, 2013, the city filed a motion to have Ballinger found in contempt for failing to abide by the court's order that the fencing be removed by October 7, 2013. A hearing on the motion was held on January 7, 2014, before a magistrate. At the

---

1. At times, the parties and the trial court referred to the structures hanging over Ballinger's second-story windows and porch as "fencing" and, at other times, referred to the structures as "railings." For consistency, we shall refer to the structures as fencing.

- 2 -

hearing, Ballinger admitted he had not removed the fencing from his property. The magistrate advised Ballinger it intended to issue an opinion finding him in contempt for failing to remove the fence and it would impose a $100 fine "everyday that this is not brought into compliance with the cities [sic] code." Thereafter, on January 9, 2014, the city filed a letter with the court indicating Ballinger had removed the inappropriate fencing on January 8, 2014.

{¶ 5} On January 30, 2014, the magistrate issued a decision finding Ballinger in contempt for failing to abide by the court's order that it remove the fencing by October 7, 2013. The magistrate imposed a fine of $100 for each day of noncompliance, retroactive to October 7, 2013. Ballinger filed a series of objections to the magistrate's decision.[2] In his objections, Ballinger raised several issues relating to his dealings with the city's Planning Commission and to the court's October 2013 decision finding him in violation of the city's zoning code. Ballinger argued that at some point in time he had appeared before the city's Planning Commission to discuss the fencing he erected and he was denied "due process" when the Planning Commission denied him the opportunity to talk. Ballinger claimed the Planning Commission violated the "Sunshine Laws" and Ohio's Open Meetings Act. He also claimed he was "being treated differently than other citizens" by the Planning Commission as his neighbors had been allowed to paint their properties in colors that violated the Historic Preservation Standards. Finally, in his objections, Ballinger challenged the impartiality of the magistrate and trial court judge and requested that a different judge review his case.

{¶ 6} On July 28, 2014, the trial court issued a decision overruling Ballinger's objections. The trial court found Ballinger's objections "d[id] not speak to the issue of contempt" but rather were untimely objections "addressed [at] the underlying issue of the

---

2. Ballinger filed "Initial Objections to Magistrate's Report" on January 21, 2014, before the magistrate issued its decision finding him in contempt. Then, after the magistrate issued its January 30, 2014 decision, Ballinger filed "Initial and Continuing Objections to Magistrates [sic] Reports" on February 3, 2014 and on February 25, 2015. Because it was unclear from the record when the magistrate's January 30, 2014 decision had been served on the parties, the trial court found all of Ballinger's objections to have been timely filed.

violation which was established in the September hearing." The court determined "Ballinger had an opportunity to object to the finding of the Magistrate that he violated the zoning code. He failed to do so. And having failed to do so, the Magistrate's finding became final" in October 2013. The trial court then found Ballinger's claims that the Planning Commission violated the Open Meetings Act were not relevant to the contempt proceedings and were not properly before the court as such claims needed to be brought in a mandamus action. The court also found Ballinger's argument that he was "being treated differently than other citizens" by the city to be irrelevant as the case against Ballinger derived from a fencing violation, not a paint violation, and the argument had not been raised at the hearing on contempt. Finally, the court denied Ballinger's request for the magistrate and judge to be recused from the case.

{¶ 7} Finding no merit to Ballinger's objections, the trial court adopted the magistrate's finding of contempt after modifying the amount of the fine imposed against Ballinger. Rather than impose a fine of $9,300, which represented a $100 daily fine for the 93 days Ballinger was not in compliance with the court's October 2013 order to remove the fencing, the trial court reduced the fine to $1,500. Ballinger was given thirty days to pay this amount.

{¶ 8} Ballinger timely appealed from the trial court's July 28, 2014 finding of contempt, submitting four separate appellate briefs to this court. His first two briefs were stricken as nonconforming. *See Lebanon v. Ballinger*, 12th Dist. Warren No CA2014-08-107 (Nov. 17, 2014) (Entry Striking Brief Filed by Appellant); *Lebanon v. Ballinger*, 12th Dist. Warren No CA2014-08-107 (Nov. 20, 2014) (Entry Striking Amended Brief). On December 1, 2014 and February 5, 2015, Ballinger submitted "Amended Brief[s] of Defendant/Appellant." These two briefs set forth the same four assignments of error and are nearly identical in content. We shall therefore consider both briefs in ruling upon Ballinger's

assigned errors.

{¶ 9} We will not, however, consider arguments set forth in Ballinger's briefs that address issues relevant to a separately filed mandamus action, which Ballinger filed in February 2015. In his mandamus action against the city of Lebanon, Ballinger claimed the city's Planning Commission had violated Ohio's Public Record Act and Ohio's Opening Meetings Act. The mandamus action was subsequently dismissed by this court on April 8, 2015. *See State ex rel. Ballinger v. Lebanon*, 12th Dist. Warren CA2015-03-017 (Apr. 8, 2015) (Entry Granting Motion to Dismiss). We find that any arguments relevant to the mandamus action are not properly before us and are barred by res judicata. *See, e.g., State ex rel. Hartman v. Tetrault*, 12th Dist. Clermont No. CA2012-03-021, 2012-Ohio-4646. Ballinger had an appropriate remedy by way of appeal if he did not agree with our resolution of his mandamus action.

**Appeal**

{¶ 10} Assignment of Error No. 1:

{¶ 11} THE TRIAL COURT * * * CORRECTLY FOUND SOME FACTS, LEFT OUT OTHERS AND CAME TO THE WRONG CONCLUSIONS.

{¶ 12} In his first assignment of error, Ballinger argues the trial court "came to the wrong conclusions" because it did not have the "entire" record before it when ruling in the case. Specifically, Ballinger asserts the trial court failed to consider relevant evidence that was not introduced into the record because of the Planning Commission's actions. Ballinger's arguments attempt to attack both the trial court's October 2013 finding that he was in violation of the city's zoning code and the court's July 2014 finding of contempt.

{¶ 13} To the extent that Ballinger has attempted to challenge the trial court's October 2013 finding that he was in violation of the city's zoning code for erecting plastic fencing around his windows and porch, we find that such arguments are not properly before us as

- 5 -

Ballinger did not appeal from the trial court's October 2013 judgment. Further, to the extent that Ballinger has attempted to reargue issues related to his previously decided mandamus action, his arguments are overruled. *See Tetrault*, 2012-Ohio-4646 at ¶ 36; *Eagle's View Professional Park Condominium Unit Owners Assn., Inc. v. EVPP, L.L.C.*, 12th Dist. Butler CA2014-06-134, 2015-Ohio-1929, ¶ 19.

{¶ 14} With respect to Ballinger's claim that the trial court's finding of contempt was the "wrong conclusion," we find that the evidence introduced at the January 7, 2014 hearing supports the trial court's decision. "Disobedience to court orders may be punished by contempt." *Cottrell v. Cottrell*, 12th Dist. Warren No. CA2012-10-105, 2013-Ohio-2397, ¶ 11. To support a contempt finding, the moving party must establish by clear and convincing evidence that a valid court order exists, that the offending party had knowledge of the order, and that the offending party violated such order. *Hetterick v. Hetterick*, 12th Dist. Brown No. CA2012-02-002, 2013-Ohio-15, ¶ 35. A trial court "is in the best position to determine how to fairly administer and enforce its own orders," and a reviewing court will not reverse a trial court's finding of contempt absent an abuse of discretion. *In re A.A.J.*, 12th Dist. Warren No. CA2014-10-130, 2015-Ohio-2222, ¶ 12, 14.

{¶ 15} Here, the city established Ballinger had been ordered by the trial court's October 2013 decision to remove the plastic fencing by October 7, 2013, Ballinger had knowledge of this order, and he was in violation of the order. At the contempt hearing, Ballinger admitted that as of January 7, 2014, he had not removed the fencing, stating it was "absolutely correct" that the fencing remained on his property. Ballinger did not claim to have, or present any evidence of, an inability to comply with the courts October 2013 order to remove the fencing. *See Dewsnap v. Dewsnap*, 12th Dist. Clermont No. CA2007-09-094, 2008-Ohio-4433.

{¶ 16} Accordingly, given the record before us, we find no error in the trial court's

finding of contempt. Ballinger's first assignment of error is, therefore, overruled.

{¶ 17} Assignment of Error No. 2:

{¶ 18} [THE] CITY OF LEBANON VIOLATED THE CODE AND LAWS IN ACCUSING [BALLINGER] OF NOT COMPLYING WITH, AND IS TREATING BALLINGER DIFFERENTLY FROM OTHER CITIZENS AND FINED HIM FOR NONCOMPLIANCE.

{¶ 19} In his second assignment of error, Ballinger argues the city has treated him differently than other citizens who are not in compliance with the city's zoning code. In support of his argument, Ballinger asserts that some of his neighbors have not been "fined" by the city even though these neighbors have violated the city's zoning code by painting their properties with colors not compatible with the Historic Preservation Standards.

{¶ 20} From Ballinger's arguments, it appears he is attempting to allege a violation of his rights under the Fourteenth Amendment to the United States Constitution, which requires that states give citizens equal protection of the laws. However, the issue of selective or discriminatory prosecution was not timely raised or argued below. Ballinger never pled the defense or argued that the city was treating him differently than other similarly situated citizens at the January 2014 contempt hearing. Instead, he attempted to raise the issue for the first time when objecting to the magistrate's finding of contempt. The matter was therefore not properly before the trial court, and the trial court did not error in refusing to consider the issue. *See, e.g., State ex rel. Durbin v. Indus. Comm.*, 10th Dist. Franklin No. 10AP-712, 2012-Ohio-664; *Rocky v. Rockey*, 4th Dist. Highland No. 08CA4, 2008-Ohio-6525, ¶ 38.

{¶ 21} Further, even if the issue was properly before the trial court, Ballinger failed to set forth any relevant evidence in support of his claim. In order to present a defense of selective or discriminatory prosecution,

> a defendant bears the heavy burden of establishing, at prima

facie, (1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights.

*Cleveland v. Trzebuckowski*, 85 Ohio St.3d 524, 531 (1999). *See also W. Chester Twp. Bd. of Trustees v. Speedway Superamerica, L.L.C.*, 12th Dist. Butler No. CA2006-05-104, 2007-Ohio-2844, ¶ 50. Here, the city brought suit against Ballinger because he refused to comply with the city's zoning code regarding the type and manner of fencing that could be erected on his property. Ballinger's arguments about his neighbors paint choices are irrelevant to the issue of the enforcement of a fencing violation. Moreover, there is no evidence in the record that the city's enforcement of the fencing violation was in bad faith or based upon impermissible considerations, such as race, religion or the desire to prevent Ballinger's exercise of his constitutional rights. *See Trzebuckowski* at 531.

{¶ 22} Accordingly, having found no merit to Ballinger's arguments, we overrule his second assignment of error.

{¶ 23} Assignment of Error No. 3:

{¶ 24} [BALLINGER] APPLIED TO THE CITY FOR AN APPEAL OF PLANNING, WAS PURPOSELY MISLED, AND IS NOW REQUIRED TO SEEK "…REMEDY IN THE FORM OF O.R.C. 2506."

{¶ 25} Assignment of Error No. 4:

{¶ 26} [THE] CITY OF LEBANON CONTINUOUSLY HARASSES [BALLINGER] SINCE 2010, INITIATING A NEW CASE OVER THE SAME ALLEGED CODE VIOLATION AND IS ATTEMPTING TO PREVENT [ANOTHER JUDGE'S] DECISION FROM BEING ENTERED INTO THE RECORD.

{¶ 27} In the captions of his third and fourth assignments of error, Ballinger argues the city and its Planning Commission have harassed him since 2010 about the "same alleged code violation," have prevented him from appealing prior decisions, and have tried to prevent another court's decision from being entered in the record of the present case. Although Ballinger has listed these complaints, he has failed to elaborate, discuss, or support his arguments with citations to authority or the record. "The burden of affirmatively demonstrating error on appeal and substantiating one's arguments in support thereof is on the appellant." *Eagle's View*, 2015-Ohio-1929 at ¶ 21, citing *Rathert v. Kempker*, 12th Dist. Clermont No. CA2010-06-043, 2011-Ohio-1873, ¶ 12. *See also* App.R. 16(A)(7). It is not this court's duty to "root out" or develop an argument that can support an assigned error, even if one exists. *Id.*; *Rathert* at ¶ 12. Accordingly, we shall not address Ballinger's third or fourth assignment of errors. *See* App.R. 12(A)(2); App.R. 16(A)(7).

## Conclusion

{¶ 28} For the reasons set forth above, Ballinger's assigned errors are overruled and the decision of the trial court finding him in contempt is affirmed.

{¶ 29} Judgment affirmed.

PIPER, P.J., and S. POWELL, J., concur.