[Cite as *Spitzer v. Frisch's Restaurants, Inc.*, 2021-Ohio-1913.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| DARLENE SPITZER, | : | |
| Appellant, | : | CASE NO. CA2020-12-128 |
| | : | O P I N I O N |
| - vs - | | 6/7/2021 |
| | : | |
| FRISCH'S RESTAURANTS, INC., et al., | : | |
| Appellees. | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2020-03-0589

Richard P. Gabelman, 6071 Montgomery Road, Cincinnati, Ohio 45213, for appellant

Markesbery & Richardson Co., L.P.A., Samuel A. Gradwohl, 2368 Victory Parkway, Suite 200, Cincinnati, Ohio 45206, for appellees, Frisch's Restaurants, Inc. and Frisch Hamilton West, Inc.

**S. POWELL, J.**

{¶ 1}  Appellant, Darlene Spitzer, appeals the decision of the Butler County Court of Common Pleas granting the motion for summary judgment filed by appellees, Frisch's Restaurants, Inc. and Frisch Hamilton West, Inc. (collectively, "Frisch's"), in this case arising from a slip and fall accident at a local Frisch's restaurant.  For the reasons outlined below,

we affirm.[1]

{¶ 2}   On March 18, 2020, Spitzer filed a complaint alleging Frisch's was responsible for the injuries she sustained after she slipped and fell inside a Frisch's restaurant located in Hamilton, Butler County, Ohio.  Frisch's filed its answer denying Spitzer's allegations on May 7, 2020.  Spitzer's deposition was taken on July 21, 2020.  As part of her deposition testimony, Spitzer, who was 68 years old at the time of her fall, testified that the pavement outside the restaurant where she fell was still wet from rain earlier in the day.  Spitzer also testified that she "would assume" that the soles of her shoes were wet when she entered the restaurant, but that she did not wipe her feet and instead just "walked right in" and proceeded towards the cashier immediately before she slipped and fell on the floor.

{¶ 3}   On September 22, 2020, Frisch's moved for summary judgment.  Spitzer filed a memorandum in opposition to Frisch's motion on November 3, 2020.  After taking the matter under advisement, the trial court issued a decision granting Frisch's motion for summary judgment on December 8, 2020.  In so holding, the trial court determined that Spitzer had not "presented evidence sufficient to create a genuine issue of material fact as to the cause of her fall or, if it was because of an unusually slippery floor, as to Frisch's notice or knowledge of that condition prior to her fall."  In reaching this decision, the trial court specifically noted Spitzer's testimony that "when asked during her deposition what caused her to fall, Spitzer testified that her shoes were wet."  Spitzer now appeals the trial court's decision, raising the following single assignment of error for review.

{¶ 4}   THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.

{¶ 5}   Spitzer argues the trial court erred by granting Frisch's motion for summary

1. Pursuant to Loc.R. (6)(A), we sua sponte remove this appeal from the accelerated calendar for the purpose of issuing this opinion.

judgment. To support this claim, Spitzer argues that, at a minimum, she provided sufficient circumstantial evidence to create a genuine issue of fact whether Frisch's can be held responsible for the injuries she sustained after she slipped and fell inside Frisch's restaurant, thereby making it improper for the trial court to grant Frisch's motion for summary judgment. We disagree.

{¶ 6} "Summary judgment is a procedural device used to terminate litigation when there are no issues in a case requiring a formal trial." *Franchas Holdings, LLC v. Dameron*, 12th Dist. Clermont No. CA2015-09-073, 2016-Ohio-878, ¶ 16, citing *Roberts v. RMB Ents., Inc.*, 197 Ohio App.3d 435, 2011-Ohio-6223, ¶ 6 (12th Dist.). "Civ.R. 56 sets forth the summary judgment standard." *State ex rel. Becker v. Faris*, 12th Dist. Clermont No. CA2020-10-058, 2021-Ohio-1127, ¶ 14. Pursuant to that rule, a court may grant summary judgment only when (1) there is no genuine issue of any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) the evidence submitted can only lead reasonable minds to a conclusion that is adverse to the nonmoving party. *BAC Home Loans Servicing, L.P. v. Kolenich*, 194 Ohio App.3d 777, 2011-Ohio-3345, ¶ 17 (12th Dist.). The party moving for summary judgment bears the initial burden of demonstrating that no genuine issue of material fact exists. *Touhey v. Ed's Tree & Turf, LLC*, 194 Ohio App.3d 800, 2011-Ohio-3432, ¶ 7 (12th Dist.), citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Once this burden is met, the nonmoving party must then present evidence to show that there is some issue of material fact yet remaining to be resolved. *Smedley v. Discount Drug Mart, Inc.*, 190 Ohio App.3d 684, 2010-Ohio-5665, ¶ 11 (12th Dist.). "In determining whether a genuine issue of material fact exists, the evidence must be construed in favor of the nonmoving party." *Assured Admin., LLC v. Young*, 12th Dist. Warren No. CA2019-04-039, 2019-Ohio-3953, ¶ 14, citing *Vanderbilt v. Pier 27, L.L.C.*, 12th Dist. Butler No. CA2013-02-029, 2013-Ohio-5205, ¶ 8.

{¶ 7}   This court recently reiterated the long-standing, well-established principle that "'[t]o establish negligence in a slip and fall case, it is incumbent upon the plaintiff to identify or explain the reason for the fall.'"  *Matthews v. Tex. Roadhouse Mgmt. Corp.*, 12th Dist. Butler No. CA2020-03-037, 2020-Ohio-5229, ¶ 8, quoting *Stamper v. Middletown Hosp. Assn.*, 65 Ohio App.3d 65, 67-68 (12th Dist.1989).  In this case, just as the trial court found, Spitzer did not present sufficient evidence to identify what caused her to slip and fall, either personally or by any outside witnesses.  "Where the plaintiff, either personally or by outside witnesses, cannot identify what caused her slip and fall, a finding of negligence on the part of the defendant is precluded."  *Koop v. Speedway SuperAmerica, LLC*, 12th Dist. Warren No. CA2008-09-110, 2009-Ohio-1734, ¶ 17, citing *O'Brien v. Bob Evans Farms, Inc.*, 11th Dist. Trumbull No. 2003-T-106, 2004-Ohio-6948, ¶ 23; and *Smith v. Reschs Bakery*, 10th Dist. Franklin No. 87AP-897, 1987 Ohio App. LEXIS 10048, *5-*6 (Dec. 10, 1987) (appellant could not maintain a cause of action in negligence in a slip and fall case where "appellant really had no idea why she fell" and could not "identify the cause of her fall").  Therefore, because Spitzer cannot specifically identify what caused her to fall – other than assuming that the soles of her shoes were wet due to her having just walked over wet pavement to get inside the restaurant prior to her fall – a finding of negligence on the part of Frisch's simply cannot be had.  Spitzer's claim otherwise lacks merit.

{¶ 8}   In so holding, we note that, based solely on the fact that she slipped and fell in a Frisch's restaurant, Spitzer alleges that there must have been "some form of a slippery condition" caused by a foreign "substance," possibly grease, on the restaurant's floor.  This, according to Spitzer, creates a genuine issue of material fact as to whether Frisch's can be held responsible for her injuries.  However, contrary to Spitzer's claim, "[n]o presumption or inference of negligence arises from the mere happening of an accident or from the mere fact that an injury occurred."  *Titenok v. Wal-Mart Stores East, Inc.*, 10th Dist. Franklin No.

12AP-799, 2013-Ohio-2745, ¶ 8.  In other words, "[t]he fact that a business invitee," in this case Spitzer, "is injured in an accident does not give rise to a presumption of negligence by the owner or occupier of the premises." *Brooks v. Jo Ann Stores, Inc.*, 12th Dist. Butler No. CA2001-05-107, 2001 Ohio App. LEXIS 5102, *3 (Nov. 13, 2001), citing *Parras v. Standard Oil Co.*, 160 Ohio St. 315, 319 (1953) ("[t]he mere happening of an accident gives rise to no presumption of negligence").  Therefore, while it may be true that Spitzer was injured after she slipped and fell in a Frisch's restaurant, that fact, standing alone, does not mean Frisch's must be held liable for Spitzer's injuries resulting from that slip and fall.

{¶ 9}   Regardless, even assuming Spitzer was correct in her assertions that there was a foreign "substance" on the restaurant's floor, and that the foreign "substance" was, in fact, grease, Spitzer failed to provide any evidence indicating how the grease was spilled onto the restaurant's floor, who spilled the grease on the floor, and for how long the grease may have been on the floor.  Just as it is incumbent upon the plaintiff in a slip and fall case to identify or explain the reason for his or her fall, *Matthews*, 2020-Ohio-5229 at ¶ 8, it is also incumbent upon the plaintiff in a slip and fall case to introduce evidence demonstrating that: "(1) the defendant was responsible for placing or creating the hazard, (2) the defendant had actual notice of the hazard and failed to give the plaintiff adequate notice of its presence or remove it promptly, or (3) that the hazard had existed for a sufficient length of time as to warrant the imposition of constructive notice, i.e., the hazard should have been found by the defendant." *Anderson v. Jancoa Janitorial Servs.*, 12th Dist. Butler No. CA2019-01-018, 2019-Ohio-3617, ¶ 27, citing *Baker v. Meijer Stores L.P.*, 12th Dist. Warren No. CA2008-11-136, 2009-Ohio-4681, ¶ 27.  Spitzer failed to do this on all fronts.  Therefore, even assuming Spitzer was correct in her assertions, because Spitzer failed to provide any evidence as it relates to any of these three elements, a finding of negligence on the part of Frisch's is precluded.  Spitzer's claim otherwise again lacks merit.

{¶ 10} In light of the foregoing, having found no merit to any of Spitzer's claims raised herein, Spitzer's single assignment of error challenging the trial court's decision to grant Frisch's motion for summary judgment lacks merit and is overruled.

{¶ 11} Judgment affirmed.

PIPER, P.J., and HENDRICKSON, J., concur.