[Cite as *State v. Phipps*, 2024-Ohio-4832.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NOS. CA2024-04-006<br>CA2024-04-007 |
| | : | |
| - vs - | : | O P I N I O N<br>10/7/2024 |
| | : | |
| JAMES PHIPPS, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case Nos. CRI 20230100 and CRI 20230115


Jess C. Weade, Fayette County Prosecuting Attorney, and Rachel S. Martin, Assistant Prosecuting Attorney, for appellee.

Shannon M. Treynor, for appellant.



**PIPER, J.**

{¶ 1} Appellant, James Phipps, appeals his convictions in the Fayette County Court of Common Pleas for two counts of aggravated trafficking in drugs and one count of engaging in a pattern of corrupt activity. The instant appeal centers on appellant's claim that his speedy trial rights were violated.

**Procedural History**

**{¶ 2}** Appellant was indicted on April 7, 2023, and again on May 5, 2023, for his participation in a major drug enterprise involving the sale of methamphetamine. Appellant has been in custody since April 25, 2023.

**{¶ 3}** The indictments were consolidated, and the trial court set a jury trial date for June 29, 2023. Appellant retained counsel who filed a motion for a bill of particulars and demand for discovery on May 15, 2023. On June 23, 2023, appellant filed a motion to continue, which the trial court granted and rescheduled the trial for August 23, 2023. On July 17, 2023, the state issued a bill of particulars and provided a response to appellant's discovery request. Appellant moved for another continuance on July 24, 2023, and the trial court continued the trial until October 10, 2023.

**{¶ 4}** On October 2, 2023, appellant filed a motion to dismiss arguing the state lacked evidence to pursue the case. On October 5, 2023, the parties appeared for a pretrial hearing where appellant informed the trial court that he intended to fire his trial counsel. Appellant told the court that he had been talking to an "out of town" lawyer and that he would hire them in the next few days. Appellant specifically asked the court for a continuance "until I can get a notice of appearance from uhh . . . my new representation." The next day, the trial court issued an entry continuing the trial until November 16, 2023. Within the same entry, the trial court denied appellant's motion to dismiss.

**{¶ 5}** On October 20, 2023, the trial court noted that appellant had yet to obtain substitute counsel, so it issued an entry appointing substitute counsel, noting that the trial date was fast approaching. Appointed counsel moved for continuances in November 2023 and again in January 2024. The trial court ultimately set the matter for a jury trial beginning on March 14, 2024.

{¶ 6} On March 12, 2024, appointed counsel filed a motion to withdraw from the case. Appointed counsel indicated that appellant refused to communicate and had filed a grievance against her. The trial court denied the motion to withdraw after concluding that the filing of the grievance was a delay tactic to avoid trial. The trial court stated that this was the seventh trial date and there was no indication counsel had committed any legitimate acts of misconduct.

{¶ 7} On March 14, 2024, appellant entered a no contest plea. The trial court accepted appellant's plea following a full colloquy and found appellant guilty as charged. The trial court sentenced appellant to a prison term of 25 to 30.5 years.[1] Appellant now appeals, raising one assignment of error for review.

**Appeal**

{¶ 8} THE DEFENDANT WAS NOT BROUGHT TO TRIAL WITHIN NINETY DAYS AS REQUIRED BY O.R.C. § 2945.71.

{¶ 9} In his sole assignment of error, appellant argues that his speedy trial rights were violated. The Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution guarantee the right to a speedy trial. The statutory speedy trial provisions set forth in R.C. 2945.71 through 2945.73 are coextensive with the constitutional speedy trial provisions. *State v. Kolle*, 2022-Ohio-2459, ¶ 10 (12th Dist.).

{¶ 10} R.C. 2945.71(C)(2) provides that a person charged with a felony must be brought to trial within 270 days after his or her arrest.[2] However, R.C. 2945.72 lists various reasons why the time to bring a defendant to trial may be tolled, including a

---

1. Appellant was sentenced to 7 years for aggravated trafficking in drugs, 7 years for engaging in a pattern of corrupt activity, and 11-16.5 years for another count of aggravated tracking in drugs in which appellant was found to be a major drug offender. The trial court ordered the terms to be served consecutively.

2. A defendant may need to be brought to trial sooner, for example, if the "triple count provision" applies. R.C. 2945.71(E); *State v. Sanchez*, 2006-Ohio-4478, ¶ 7.

defendant's request for a continuance, and resolution of motions made by the defendant. Demands for discovery or a bill of particulars are also tolling events. *State v. Morren*, 2024-Ohio-4528, ¶ 24 (12th Dist.).

{¶ 11} The "burden" of bringing a defendant to trial within the speedy trial period lies with the state. *State v. Cummings*, 2024-Ohio-3356, ¶ 14 (12th Dist.). However, speedy trial provisions are not self-executing. A criminal defendant must file a motion to dismiss at or before the beginning of trial to assert the right to a speedy trial has been violated. *Id*; *State v. Trammell*, 2017-Ohio-8198, ¶ 28 (12th Dist.). In other words, an accused must take some affirmative action in order to preserve his rights. *Cummings* at ¶ 14. "'[T]here can be no denial where there has been no demand.'" *Id.*, quoting *Partsch v. Haskins*, 175 Ohio St. 139, 140 (1963). Part of the reason for this is that a speedy trial claim typically requires the trial court to decide whether certain delays were attributable to the state or the defendant. By failing to broach the issue with the trial court, the defendant deprives the court of the opportunity to make those often record-intensive determinations. *State v. Kendrick*, 2023-Ohio-1763, ¶ 12 (1st Dist.).

{¶ 12} In the present case, appellant failed to file a motion to dismiss on speedy trial grounds. While it appears the extensive delays in the actual trial date were directly attributable to appellant, we need not consider the arguments for the first time on appeal. *Trammel* at ¶ 28; *Kendrick* at ¶ 13. Appellant did not attempt to preserve his right to a speedy trial, nor did he meet his burden establishing his right to a speedy trial was violated.

{¶ 13} Moreover, we note appellant makes no attempt to discuss the multiple tolling events apparent from a review of the record. Appellant's argument relies upon conclusory assertions that the state did not provide timely discovery. Appellant then

glosses over multiple tolling events, and simply offers the conclusion that appellant's speedy trial rights were violated. However, as we have repeatedly stated, an appellant has the burden of demonstrating error on appeal through an argument that is supported by citations to legal authority and facts in the record. *See* App.R. 16(A)(7). An appellate court may disregard an assignment of error if it fails to identify the relevant portions of the record from which the errors are based. *See* App.R. 12(A)(2). It is not this court's duty to "root out" or develop an argument that can support an assigned error, even if one exists. *Lebanon v. Ballinger*, 2015-Ohio-3522, ¶ 27 (12th Dist.).

{¶ 14} For those reasons, we find appellant's argument with respect to his speedy trial rights is without merit. Accordingly, appellant's sole assignment of error is overruled.

{¶ 15} Judgment affirmed.

BYRNE, P.J., and M. POWELL, J., concur.